**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50818

JERRY R. WILLIAMSON,

Plaintiff-Appellant,

versus

STEPHEN MARK, Doctor;
RUSSELL HUNT, Esq.,

Defendants.

Appeal from the United States District Court
for the Western District of Texas

June 5, 1997

BEFORE WIENER and PARKER, Circuit Judges, and LITTLE, District Judge.[*]

B Y   T H E   C O U R T :

ORDER

Plaintiff-Appellant, Jerry R. Williamson, a federal prisoner, filed a motion to proceed in forma pauperis (IFP) in the above captioned appeal. This court, by order of January 21, 1997, instructed Williamson to comply with the Prison Litigation Reform Act of 1995 (PLRA), either by paying our appellate filing fee of $105 or by filing an affidavit and certified statement of his trust

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

fund account. Williamson complied by submitting such an affidavit and statement.

Before an initial partial filing fee was assessed for Williamson and payment of the balance of the filing fee ordered as required by the PLRA, however, we decided <u>Morgan v. Haro.</u>[2] In that case we held that (1) a prisoner who seeks to proceed IFP on appeal must obtain leave to do so even if he has proceeded IFP in the district court, and (2) the financial screening and assessment procedures of the PLRA regarding <u>appellate</u> filing fees are nevertheless to be conducted by the <u>district</u> court.

IT IS ORDERED, therefore, that this appeal be held in abeyance and that only the preliminary issue of Williamson's request to proceed IFP in this court be remanded to the district court to permit it to rule on Williamson's appellate IFP application and, if granted, to order payment of the proper appellate filing fee pursuant to 28 U.S.C. § 1915(b); this panel retaining jurisdiction of Williamson's appeal for all other purposes. After such a determination is made by the district court, it shall return the case to this court for further proceedings by this panel.

In the event that (1) further proceedings should eventuate, (2) this panel should ultimately determine that we have jurisdiction over Williamson's appeal, and (3) we should find merit in the sole matter of substance in that appeal, i.e., Williamson's

_____

[2] ___ F.3d ___, 1997 W.L. 211799, 1997, Slip Op. 3159 (5th Cir. March 31, 1997).

contention that the district court's calculation of the initial district court filing fee payable under the PLRA upon the filing of his original complaint was erroneous, we shall continue to retain appellate jurisdiction but order another limited remand to the district court for the purpose of (1) affording the district court the opportunity to re-assess the correct district court filing fees due from Williamson under the PLRA, and (2) allowing Williamson to continue prosecuting his complaint, assuming that he is still inclined to do so and that he timely remits the appropriate new district court filing fee assessment.

IT IS FURTHER ORDERED that if Williamson thus proceeds in district court but is ultimately dissatisfied with the final ruling or rulings of that court and desires to prosecute his appeal therefrom in this court, he will be permitted to do so upon his timely filing a new notice of appeal under the same appellate docket number as this one and without being required to remit a second appellate filing fee.

REMANDED with instructions, and with appellate jurisdiction retained by this panel.